# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

Reissued for Public Availability Date: October 3, 2024

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| JUNIOUS NIELSEN, | \* | No. 24-760V |
| | \* | |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: August 19, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Junious Nielsen, pro se, Webster, NY.
Heather Lynn Pearlman, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1][2]

Junious Nielsen alleged that the measles, mumps, and rubella ("MMR") vaccines he received on November 14, 1994, and September 9, 1998, caused him to suffer from various chronic conditions. Pet., filed May 13, 2024; Am. Pet., filed May 30, 2024. On July 27, 2024 (docketed August 5, 2024), Mr. Nielsen moved for a decision dismissing his petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on August 19, 2024, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

## I.  Procedural History

Mr. Nielsen filed his original petition on May 13, 2024, alleging that the measles, mumps, and rubella ("MMR") vaccine he received on November 14, 1994 and September 9, 1998, caused him chronic severe symptoms, including chronic arthritis and anaphylaxis.  Mr. Nielsen was ordered to file medical records to establish that he received the MMR vaccine on these dates, and to establish that he was diagnosed with the conditioned alleged.  Order, issued May 20, 2024.  Additionally, Mr. Nielsen was ordered to address the timeliness of his petition.

Mr. Nielsen filed an amended petition on May 30, 2024.  He referenced the same 1994 and 1998 vaccines ("Dates of vaccines are in original complaint"), and alleged that the "vaccines caused side effects such as rubella, migraines, and chronic fatigue."

Three medical records were filed as well.  The name on these medical records (Junious M. Burgos) did not match Mr. Nielsen's name.  The records showed that Mr. Burgos received the MMR vaccine in 1994 and 2022, but there was no reference to a 1998 vaccine.  Exhibit 1 at 1.  There was no indication that Mr. Burgos was diagnosed with any of the conditions alleged by Mr. Nielsen in either petition, except that Mr. Burgos was prescribed medicine for a migraine on January 20, 2023.  Exhibit 3 at 4.  Mr. Burgos was never diagnosed with chronic fatigue syndrome, but reported fatigue as a side effect to medication on October 9, 2023.  However, he described it as resolving.  Exhibit 1 at 2-7.  Mr. Nielsen was ordered to file a status report addressing the timeliness of his petition and the different name on the medical records.

Instead of a status report, Mr. Nielsen filed a motion to dismiss his case.  In a motion dated July 27, 2024 (docketed August 5, 2024), Mr. Nielsen stated that he no longer wished to pursue the case, as he did not have the evidence or resources.  Mr. Nielsen asked that the case be dismissed without prejudice.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-

11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, Mr. Nielsen filed medical records in support of his claim, but did not verify that these records were his.  He did not obtain a supportive report from an expert.  Mr. Nielsen wishes to have his claim dismissed without prejudice.  However, the Vaccine Act explicitly provides that only one petition may be filed for each administration of a vaccine.  42 U.S.C. § 300aa-11(b)(2).  The undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, Mr. Nielsen did not provide medical records or an expert report to support his claim that the MMR vaccine harmed him.  Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master